20054

Nancy C. Patterson CHIUMINATTA, Appellant, v.
William A. PATTERSON, Respondent
(216 S. E. (2d) 760)

*Messrs. Christ Christ* and *James J. Raman,* of Spartanburg, *for Appellant,*

*Messrs. Burts, Turner, Hammett & Harrison,* of Spartanburg, *for Respondent,*

July 9, 1975.

BRAILSFORD, Acting Associate Justice:

An action for divorce by Nancy Patterson against William Patterson resulted in a decree of the Spartanburg County Family Court dated August 28, 1970, whereby plaintiff was awarded a divorce and custody of the two minor children, and the defendant was ordered to pay $25.00 per week for the support of the children, he to have "reasonable visitation privileges." In August, 1971, Mrs. Patterson took the children to California where she remained until June of 1974 when, after having married one Chiuminatta, she returned to Spartanburg with her husband and children.

Shortly after returning to South Carolina, Mrs. Chiuminatta filed a petition in the divorce action alleging that her former husband had failed, except to the extent of about $250.00, to make the weekly payments required of him by the divorce decree, and that he was "in arrears to the plaintiff (Mrs. Chiuminatta) in the sum of $5,250.00." Upon the filing of this petition, a rule was issued by the court requiring the defendant to show cause why he should not be held in contempt and why "judgment should not be given the plaintiff (Mrs. Chiuminatta) against him . . .."

After a hearing, the court refused to award plaintiff judgment for the installments which had accrued prior to the return of the children to South Carolina, holding: "The petitioner is asking for a judgment of $5,250.00 which has accrued in support payments, however by the petitioner's

own testimony she left the State in 1971 and lived with the man she later married for a period of one year together with these children. The father has been deprived of visitation of the children and even though the petitioner returned to this State with the children on at least two visits she did not notify their father so that he might see the children while here. With these facts the court will not act on the arrearage while the children were gone but will reinstate the payments as of June 1st, 1974 about the time the children were returned to this State. The mother tends to allow the children to decide about visiting their father and certainly this is not the procedure of this court as the mother has deprived the children of seeing or knowing their father and it is up to her to encourage visitation and see that visitation is carried out according to the following order."

Plaintiff has appealed upon three exceptions which charge that the court erred in "holding that the children were not entitled to support payments," the error being that the conduct of the mother, as specified in each exception, could not affect "the support rights of the children."

These exceptions are argued under a single question, which we quote from the brief:

"Will Children Be Deprived of Support from Divorced Father Because of Conduct of Mother? (Exceptions 1, 2 and 3.)"

The children were not parties to the ancillary proceeding in which the order appealed from was issued, and their legal rights were not affected thereby. Instead, the custodian mother, in her own right, sought to exact from the father the accrued and unpaid installments required of him by the divorce decree. Whether the court erred in refusing its aid to her in the pursuit of this claim is simply not raised by the exceptions, which present no issue for determination by us.

Affirmed.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.